ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 4, 2010

The Honorable Joe Shannon Jr.  
Tarrant County Criminal District Attorney  
401 West Belknap  
Fort Worth, Texas 76196

Opinion No. GA-0772

Re: Authority of the Texas Youth Commission to require certain juveniles to register as sex offenders (RQ-0760-GA)

Dear Mr. Shannon:

Your predecessor as Tarrant County Criminal District Attorney asked whether a rule of the Texas Youth Commission (TYC) requiring the registration of certain juveniles as sex offenders is inconsistent with Texas Code of Criminal Procedure article 62.352, which authorizes a court to defer registration of a juvenile as a sex offender.[1] TEX. CODE CRIM. PROC. ANN. art. 62.352 (Vernon 2006). In juvenile cases involving an offense for which registration as a sex offender is required, the court may conduct a hearing to determine whether the interests of the public require registration. *See id.* art. 62.351(a). After the hearing, a juvenile court may under certain circumstances enter an order "deferring decision on requiring registration under this chapter until the respondent has completed treatment for the respondent's sexual offense . . . while committed to the Texas Youth Commission." *Id.* art. 62.352(b)(1).

We observe as a threshold matter that the attorney general will not issue an opinion addressing the validity of a court order. *See* Tex. Att'y Gen. Op. Nos. GA-0182 (2004) at 3, JC-0346 (2001) at 4, O-1847 (1940) at 2. Accordingly, our discussion of the district attorney's question will not address the validity of an extant court order that defers a decision on requiring registration.[2]

The TYC rule on sex offender registration provides as follows:

> (1) If the duty to register has been deferred, the PSW [primary service worker] will send written notice certifying completion of treatment for the sex offense to the court and prosecuting attorney (that adjudicated the youth for the sex offense)

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]*See* State Bar of Texas, Juvenile Law Section, "Order Deferring Sex Offender Registration" (providing that the juvenile respondent shall not register as a sex offender pursuant to Code to Criminal Procedure chapter 62 until (1) respondent's 18th birthday, or (2) further order of the court, whichever event occurs first), *available at* http://www.juvenilelaw.org/Forms.htm (last visited Apr. 23, 2010).

within ten (10) days following verification of completion of treatment for the sex offense.

(2)   If a youth successfully completes treatment for the sex offense the youth shall not be required to register as a sex offender unless additional orders are received from the court.

(3)   If the duty to register has been deferred and the youth is discharged from TYC without successfully completing treatment for sex offense, the PSW shall register the youth as required in subsection (f) of this policy.

37 TEX. ADMIN. CODE § 87.85(g) (2009).

The request letter suggests that section 87.85(g)(3) is inconsistent with article 62.352(c). *See* Request Letter at 2. However, article 62.053, Code of Criminal Procedure, is also relevant to the validity of this rule.[3] *See* TEX. CODE CRIM. PROC. ANN. art. 62.053(b) (Vernon Supp. 2009). Article 62.053(b) expressly requires TYC to register persons subject to registration as sex offenders on the seventh day before their release.[4] *Id.* art. 62.053(b). We seek to read article 62.352(c) in harmony with article 62.053(b). *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) (courts are to construe statute to harmonize with other relevant laws, if possible).

Article 62.352 provides in part:

(b)   After a hearing under Article 62.351 or under a plea agreement described by Article 62.355(b), the juvenile court may enter an order:

(1)   deferring decision on requiring registration under this chapter until the respondent has completed treatment for the respondent's sexual offense as a condition of probation or while committed to the Texas Youth Commission; or

---

[3]The brief from TYC raises this section. *See* TYC Brief at 1.

[4]Code of Criminal Procedure article 62.053(b) provides as follows:

(b) On the seventh day before the date on which a person who will be subject to registration under this chapter is due to be released from a penal institution, or on receipt of notice by a penal institution that a person who will be subject to registration under this chapter is due to be released in less than seven days, an official of the penal institution shall send the person's completed registration form and numeric risk level to the department and to:

[the appropriate law enforcement agency].

TEX. CODE CRIM. PROC. ANN. art. 62.053(b) (Vernon Supp. 2009).

> (2)    [providing for non-public registration] . . . ;
>
> (c)  If the court enters an order described by Subsection (b)(1), the court retains discretion and jurisdiction to require, or exempt the respondent from, registration under this chapter at any time during the treatment or on the successful or unsuccessful completion of treatment, except that during the period of deferral, registration may not be required. Following successful completion of treatment, the respondent is exempted from registration under this chapter unless a hearing under this subchapter is held on motion of the state . . . .

TEX. CODE CRIM. PROC. ANN. art. 62.352(b)–(c) (Vernon 2006).

Article 62.352(c) provides an outcome for a respondent who successfully completes treatment, but it is silent as to a respondent who does not successfully complete treatment. *See id.* art. 62.352(c).[5] Section 87.85(g)(3) addresses a situation where a respondent fails to successfully complete treatment. 37 TEX. ADMIN. CODE § 87.85(g)(3) (2009). It provides that "[i]f the duty to register has been deferred and the youth is discharged from TYC without successfully completing treatment for sex offense, the PSW shall register the youth as required in subsection (f) of this policy." *Id.* Under subsection (f), a respondent is subject to full registration when the respondent "has a reportable adjudication and the duty to register has not been excused or deferred." *Id.* § 87.85(f). TYC has a duty under article 62.053(a) to register persons "subject to registration under [chapter 62]" as sex offenders before they are released. *See* TEX. CODE CRIM. PROC. ANN. art. 62.053(a) (Vernon Supp. 2009). Section 87.85(g)(3) implements the TYC duty to register persons subject to registration under chapter 62.

However, in cases where a court order exempts a respondent from registration or defers a decision on registration beyond the respondent's release from TYC, for example, where registration is deferred until further order of the court, the respondent is not "a person who will be subject to registration" within the meaning of article 62.053(b). *Id.* art. 62.053(b).[6] Likewise, section 87.85(f) does not apply when the duty to register has been excused or deferred beyond the release date. *See* 37 TEX. ADMIN. CODE § 87.85(f) (2009). Because volume 37, section 87.85(g)(3) of the Texas Administrative Code has valid applications when a court order has not exempted a respondent from registration or deferred a decision on registration beyond the respondent's release date, we conclude that a court would likely hold that section 87.85(g)(3) is not facially inconsistent with article 62.352.

---

[5]Section 87.85(g)(1) provides for notice certifying the successful or unsuccessful completion of treatment to the court and prosecuting attorney that adjudicated the youth for the sex offense. *See* 37 TEX. ADMIN. CODE § 87.85(g)(1) (2009); *see also* Request Letter at 2, TYC Brief at 2.

[6]*See also* TEX. CODE CRIM. PROC. ANN. art. 62.353(a) (Vernon 2006) (person registered as a sex offender for delinquent conduct may seek exemption or nonpublic registration).

## S U M M A R Y

Pursuant to Code of Criminal Procedure article 62.352, a juvenile court may defer a decision on sex offender registration of certain juveniles pending treatment while in a Texas Youth Commission facility. Following successful completion of treatment, a juvenile is exempted from registration unless a hearing is held on motion of the State.

Code of Criminal Procedure article 62.053 requires the Texas Youth Commission to register juveniles as sex offenders seven days before their release if they are subject to registration. A juvenile who has not successfully completed treatment is subject to registration absent a court order exempting him from registration or deferring a decision on the respondent's registration beyond the respondent's release date. Because volume 37, section 87.85(g)(3) of the Texas Administrative Code has valid applications, we conclude that a court would likely hold that section 87.85(g)(3) is not facially inconsistent with article 62.352.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee